IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID WOULARD, ATTACK THE SOUND LLC, an Illinois limited liability company, STAN BURJEK, JAMES BURJEK, BERK ERGOZ, HAMZA JILANI, MAATKARA WILSON, ARJUN SINGH, MAGNUS FIENNES, and MICHAEL MELL, each individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SUNO, INC. and UNKNOWN DEFENDANTS, <br><br> Defendants. | Case No. 25-cv-12684 <br><br> District Judge Andrea R. Wood <br><br> Magistrate Judge Heather K. McShain |

**DEFENDANT SUNO, INC.'S MOTION
TO STAY DISCOVERY**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ....................................................................................................................2

III. LEGAL STANDARD.............................................................................................................4

IV. ARGUMENT ..........................................................................................................................5

    A. A Stay Will Not Prejudice Plaintiffs......................................................................5

    B. A Stay Will Simplify the Issues..............................................................................6

    C. A Stay Will Reduce the Burden of Litigation for the Parties and the Court ...........7

V. CONCLUSION.......................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Alexander v. Take-Two Interactive Software, Inc.*,
2019 WL 2176321 (S.D. Ill. May 20, 2019) ............................................................................. 8

*Calderon v. Procter & Gamble Co.*,
2022 WL 20742696 (N.D. Ill. Oct. 6, 2022) ............................................................................. 5

*Gestamp Chattanooga, LLC v. Lincoln Elec. Automation, Inc.*,
2022 WL 20613653 (E.D. Tenn. June 7, 2022) .................................................................... 7, 8

*In re Clearview AI, Inc. Consumer Priv. Litig.*,
2021 WL 5862495 (N.D. Ill. Aug. 31, 2021) ......................................................................... 4, 7

*Justice v. Suno, Inc.*,
No. 25-cv-11739, Compl., ECF No. 1 (D. Mass. June 14, 2025) ............................................. 3

*Liggins v. Reicks*,
2021 WL 2853359 (N.D. Ill. July 8, 2021) ............................................................................... 7

*Lord v. PDD Holdings, Inc.*,
2024 WL 5432081 (N.D. Ill. Feb. 28, 2024) ............................................................... 4, 5, 7, 8

*Medline Indus., Inc. v. C.R. Bard, Inc.*,
2019 WL 10948865 (N.D. Ill. Sept. 10, 2019) .......................................................................... 6

*Patterson v. Avery Dennison Corp.*,
281 F.3d 676 (7th Cir. 2002) ..................................................................................................... 4

*Rodriguez v. Ford Motor Co.*,
2022 WL 704780 (N.D. Ill. Mar. 9, 2022) ..................................................................... 4, 5, 6, 7

*Sadler v. Retail Props. of Am., Inc.*,
2013 WL 12333447 (N.D. Ill. Sep. 27, 2013) ....................................................................... 6, 8

*Thakkar v. ProctorU, Inc.*,
2021 WL 2589019 (C.D. Ill. May 24, 2021) ............................................................................. 8

*UMG Recordings, Inc. v. Suno, Inc.*,
No. 24-cv-11611, ECF No. 1 (D. Mass. June 24, 2024) ........................................................... 3

*Vital Proteins, LLC v. Ancient Brands, LLC*,
2023 WL 5671857 (N.D. Ill. Sep. 1, 2023) ..................................................................... 4, 5, 7

**STATUTES**

28 U.S.C. § 1404(a) ........................................................................................................................3

**RULES**

Fed. R. Civ. P.
   26(c) ........................................................................................................................................1
   26(c)(1) ...................................................................................................................................4

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Suno, Inc. ("Suno") moves this Court to stay discovery pending resolution of its Motion to Dismiss Plaintiffs' First Amended Complaint for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, to Transfer Venue ("Motion to Dismiss or Transfer") (Dkt. 25).

## I. INTRODUCTION

Suno's recently filed Motion to Dismiss or Transfer identifies several threshold, dispositive issues—lack of personal jurisdiction, improper venue, and the first-to-file doctrine—that would dispose of this case in its entirety. District courts have broad discretion in overseeing discovery. Courts thus routinely grant a stay of discovery pending resolution of such threshold issues. A brief discovery stay while this Court decides Suno's Motion to Dismiss or Transfer will conserve the parties' and the Court's resources and avoid costly, potentially unnecessary discovery in an improper forum. This Court should therefore exercise its broad discretion to stay discovery pending resolution of Suno's Motion, which will be fully briefed by March 3, 2026.

In deciding whether to stay discovery, courts consider whether a stay will prejudice the non-moving party, simplify the issues, and reduce the burden of litigation on the parties and the court. Here, all factors strongly favor a stay. *First*, a brief stay will not prejudice Plaintiffs. Mere delay in discovery or final resolution, without more, does not constitute undue prejudice, and Plaintiffs can offer only speculation—not evidence—that any materials will be lost or destroyed during a brief stay, particularly given that a similar, largely overlapping litigation is pending in the District of Massachusetts.

*Second*, a stay will simplify the issues because the entire case will be dismissed or transferred if Suno prevails on its Motion to Dismiss or Transfer. Indeed, if the Court grants dismissal pursuant to the first-to-file rule, this case would not proceed in any forum.

*Third*, a stay will materially reduce the burden of litigation on the parties and the Court. Plaintiffs' 123-page First Amended Complaint ("FAC") and numerous overlapping claims forecast expansive, technical discovery into Suno's development, training, and operation of its artificial intelligence ("AI") models. If Suno's threshold motion addressing personal jurisdiction and venue is granted, much—if not all—of that discovery will be unnecessary in this Court, and if the suit is dismissed under the first-to-file rule, discovery will be unnecessary in any court. Proceeding now, before the Court resolves those threshold issues, would be inefficient: it would require the parties and Court to bear substantial costs managing intrusive discovery in a potentially improper venue, invite duplicative efforts and inconsistent rulings with the related actions pending in the District of Massachusetts—the correct forum—and risk that any work must be redone or unwound following transfer or dismissal.

Accordingly, Suno respectfully requests a stay of discovery pending resolution of Suno's Motion to Dismiss or Transfer.

## II. BACKGROUND

Suno is a Massachusetts-based generative AI company that allows users to create original music in seconds using text prompts. FAC ¶¶ 41, 49–50. Plaintiffs—a collection of independent musicians and songwriters from California, Illinois, and Georgia who hope to represent a nationwide class (and other overlapping classes) of independent artists—challenge Suno's alleged "practice of systematically copying and storing works by independent artists to fuel a commercial, mass-market music generation engine." *Id.* ¶¶ 1–2, 14–40, 124.

Plaintiffs' allegations here are not unique. As explained in Suno's Motion to Dismiss or Transfer, Plaintiffs largely replicate two earlier-filed actions now pending in the District of Massachusetts: one brought by major record labels, and a putative nationwide class action by

2

independent artists. Dkt. 25 at 3–5; *see UMG Recordings, Inc. v. Suno, Inc.*, No. 24-cv-11611, ECF No. 1 (D. Mass. June 24, 2024) ("*UMG* Case"); *Justice v. Suno, Inc.*, No. 25-cv-11739, Compl., ECF No. 1 (D. Mass. June 14, 2025) ("*Justice* Case"). Each case challenges the same alleged conduct concerning Suno's development, training, and operation of its AI models. Plaintiffs here similarly assert copyright infringement claims based on Suno's alleged copying of music to train its AI model, as well as a Digital Millenium Copyright Act ("DMCA") Section 1201 claim for the alleged circumvention of online access restrictions by downloading music from a streaming platform. Dkt. 25 at 3–5. Like the *Justice* plaintiffs, Plaintiffs here also challenge Suno's models' production of musical compositions as violative of the Copyright Act. *Id.* at 4–5. Further, Plaintiffs' Illinois Biometric Information Privacy Act, Illinois Right of Publicity Act, and Illinois Uniform Deceptive Trade Practices Act claims are simply variations on the *Justice* plaintiffs' consumer protection claim; all take aim at Suno's alleged exploitation and misappropriation of artists' unique identifiers through its generative AI tool. *Id.* at 4–5, 22–23.

On January 13, 2026, Suno timely moved to dismiss or stay this case or, in the alternative, transfer the case to the District of Massachusetts. Dkt. 25. As Suno explained in its Motion to Dismiss or Transfer, this Court lacks personal jurisdiction over Suno, and venue is improper in this District because Suno is headquartered in Massachusetts and there is an inadequate nexus between Illinois and Plaintiffs' claims. *Id.* at 6–21. Suno also argued that this later-filed case should be dismissed or stayed under the first-to-file doctrine—which disfavors duplicative later-filed suits—given the ongoing, substantially similar *Justice* case in the District of Massachusetts. *Id.* at 21–24. Alternatively, Suno requested transfer of this action to the District of Massachusetts under 28 U.S.C. § 1404(a) because convenience of the parties and witnesses and the interests of justice overwhelmingly favor transfer. *Id.* at 24–30.

3

The Court has set the following briefing schedule for Suno's Motion to Dismiss or Transfer: Plaintiffs' response is due by February 10, 2026, and Suno's reply is due by March 3, 2026. Dkt. 26. Plaintiffs have informed Suno that they oppose staying discovery during the pendency of Suno's Motion to Dismiss or Transfer.

### III. LEGAL STANDARD

District courts have "broad discretion" in managing discovery. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). As such, courts "may, for good cause, control its sequence to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Vital Proteins, LLC v. Ancient Brands, LLC*, 2023 WL 5671857, at *3 (N.D. Ill. Sep. 1, 2023) (quoting Fed. R. Civ. P 26(c)(1)). In evaluating whether to grant a stay of discovery, courts consider: "(1) whether a stay will prejudice the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether a stay will reduce the burden of litigation for the parties or the court." *Lord v. PDD Holdings, Inc.*, 2024 WL 5432081, at *2 (N.D. Ill. Feb. 28, 2024); *accord Rodriguez v. Ford Motor Co.*, 2022 WL 704780, at *1 (N.D. Ill. Mar. 9, 2022).

Courts in this District routinely stay discovery during the pendency of motions to dismiss where the motion "can resolve the case – at least as to the moving party, or where the issue is a threshold one, such as jurisdiction, standing, or qualified immunity," although the "mere filing of" such motion "does not automatically stay discovery." *In re Clearview AI, Inc. Consumer Priv. Litig.*, 2021 WL 5862495, at *1 (N.D. Ill. Aug. 31, 2021) (cleaned up); *see Lord*, 2024 WL 5432081, at *2 (collecting cases). Similarly, in class action suits, courts in this Circuit often stay discovery pending a ruling on a motion to dismiss "[g]iven the burden, time, and expense often associated with responding to discovery in a putative class action." *Rodriguez*, 2022 WL 704780, at *2 (collecting cases).

4

## IV. ARGUMENT

Each factor strongly favors a stay of discovery pending resolution of Suno's Motion to Dismiss or Transfer. At bottom, a stay is warranted because Suno's Motion to Dismiss or Transfer presents threshold, dispositive issues that will either result in dismissal of the case or transfer to another court. Accordingly, a stay will conserve the parties' and this Court's resources by avoiding onerous discovery and potential discovery rulings that could ultimately prove unnecessary if Suno's motion is granted. A brief delay in the progression of discovery and resolution of this case does not prejudice Plaintiffs nor warrant denial of a stay.

### A. A Stay Will Not Prejudice Plaintiffs

*First*, Plaintiffs will not suffer undue prejudice from a temporary stay of discovery. Rather, any claimed prejudice would be speculative and inadequate.

As a general rule, delaying the commencement of discovery while awaiting adjudication of a motion to dismiss is not unduly prejudicial. *See Rodriguez*, 2022 WL 704780, at *1 (disregarding "[t]he general prejudice of having to wait for resolution" as adequately prejudicial (alteration in original)). In other words, mere delay, without more, does not militate against a stay. *See Vital Proteins*, 2023 WL 5671857, at *5 (noting that the plaintiff failed to identify any prejudice "aside from the delay that is inherent in any stay"); *Calderon v. Procter & Gamble Co.*, 2022 WL 20742696, at *1 (N.D. Ill. Oct. 6, 2022) ("[H]aving to wait for resolution is not a persuasive reason to deny the motion to stay.").

Nor do speculative concerns about potential evidence loss or destruction in the interim period suffice to establish prejudice, especially where the moving party is a sophisticated corporate litigant that presumably has document retention and preservation systems in place. *See Lord*, 2024 WL 5432081, at *2 (rejecting plaintiffs' argument that staying discovery would risk evidence spoliation because sophisticated corporate entities maintain systems to store and preserve

5

documents, and defendants attested in their briefs that they were complying with document retention and preservation obligations); *Rodriguez*, 2022 WL 704780, at *1 (emphasizing that the plaintiff failed to "identif[y] any witnesses or documents that will be lost or no longer discoverable if discovery is stayed"); *see also Sadler v. Retail Props. of Am., Inc.*, 2013 WL 12333447, at *1 (N.D. Ill. Sep. 27, 2013) ("[G]ranting the stay will not unduly prejudice or tactically disadvantage the Plaintiffs because they may obtain the documents at a later date, if necessary and permissible.").

Plaintiffs can identify no concrete prejudice beyond the ordinary delay inherent in any stay. The possibility that this case still might proceed in another forum following dismissal or transfer does not render a stay prejudicial and is simply an argument about general delay. Notably, Plaintiffs have not sought a preliminary injunction, "which further indicates that a delay at this stage would not prejudice [Plaintiffs] significantly." *Medline Indus., Inc. v. C.R. Bard, Inc.*, 2019 WL 10948865, at *2 (N.D. Ill. Sep. 10, 2019). In addition, Suno is a corporate entity, currently involved in several active litigations (including two materially similar to this one), that regularly maintains records in the ordinary course of business, has taken the appropriate steps to preserve relevant documents and information, and will continue to honor its preservation obligations as it has done to date. Thus, there is no material risk that any relevant documents will be lost during the stay. Indeed, any purported risk of losing relevant witnesses or documents during a stay is especially low here because Suno is already litigating two substantially similar cases involving overlapping witnesses and documents. As such, this factor strongly supports a stay.

### B. A Stay Will Simplify the Issues

*Second*, a stay will streamline and narrow the case because Suno's Motion to Dismiss or Transfer squarely presents threshold, potentially dispositive issues—lack of personal jurisdiction, improper venue, and the first-to-file rule.

6

Courts recognize that when a pending motion "could potentially be dispositive," a discovery stay is warranted. *Rodriguez*, 2022 WL 704780, at *1–2 (granting a stay where a motion to dismiss could dispose of specific claims, thereby narrowing discovery or rendering it unnecessary); *see In re Clearview AI, Inc. Consumer Priv. Litig.*, 2021 WL 5862495, at *1 ("In light of that potentially-dispositive standing argument, the Court finds that a temporary stay of discovery as to [defendant] is warranted."); *Gestamp Chattanooga, LLC v. Lincoln Elec. Automation, Inc.*, 2022 WL 20613653, at *2 (E.D. Tenn. June 7, 2022) (granting stay in copyright infringement case because first-to-file rule "would dispose of [the] case in its entirety"). Stays are especially appropriate when the underlying motion would remove a party from the case or resolve a threshold issue. *See Lord*, 2024 WL 5432081, at *3 (staying discovery pending a motion to dismiss for lack of personal jurisdiction because, if granted, a party would be eliminated and the threshold issue resolved); *Liggins v. Reicks*, 2021 WL 2853359, at *1, *3 (N.D. Ill. July 8, 2021) (granting stay where motion to dismiss based in part on threshold issue of qualified immunity "could dispose of the entire case or narrow the issues significantly").

If this Court grants Suno's Motion to Dismiss or Transfer, this action could be dismissed entirely, obviating any need for discovery. This factor, therefore, likewise favors a stay pending resolution of the Motion to Dismiss or Transfer.

### C. A Stay Will Reduce the Burden of Litigation for the Parties and the Court

*Third,* a stay will materially reduce the burdens of litigation on both the parties and the Court by avoiding potentially unnecessary and costly discovery.

"Discovery creates a variety of costs and burdens for the parties and the court." *Liggins*, 2021 WL 2853359, at *3. Consistent with that reality, courts routinely find this factor favors a stay where pausing discovery pending resolution of potentially dispositive motions will avoid discovery that may later prove unnecessary or narrowed. *See Vital Proteins*, 2023 WL 5671857,

7

at *4–5 (granting stay to conserve judicial resources that would otherwise be spent refereeing discovery disputes that could be mooted by a ruling on motion to dismiss); *Sadler*, 2013 WL 12333447, at *1 (granting stay where plaintiff's "broad" discovery would be "onerous and costly" and ruling in defendants' favor on motions to dismiss "could greatly affect the course and scope of discovery taken"); *Thakkar v. ProctorU, Inc.*, 2021 WL 2589019, at *1 (C.D. Ill. May 24, 2021) (granting stay where motion to dismiss for lack of personal jurisdiction could be dispositive and transfer motion could move the case to another court). A stay is particularly appropriate considering the pending threshold jurisdictional issues because proceeding with discovery risks expending judicial resources on discovery orders the court may ultimately not enforce if personal jurisdiction is indeed lacking. *See, e.g.*, *Lord*, 2024 WL 5432081, at *3 ("While a jurisdictional issue remains to be decided, the Court does not believe it is a wise use of resources to litigate and adjudicate discovery issues that the Court may not have the ability to enforce in any event."); *Alexander v. Take-Two Interactive Software, Inc.*, 2019 WL 2176321, at *2 (S.D. Ill. May 20, 2019) (staying discovery to avoid dedicating "time, money, and resources toward merits-based discovery if jurisdiction is ultimately lacking").

Based on the pending *UMG* litigation, Plaintiffs' 123-page FAC, and the fourteen claims asserted here, Suno expects that Plaintiffs will seek sweeping, technical discovery regarding the development, training, and operation of Suno's AI models, including documents related to Suno's proprietary and highly confidential source code and training data. That discovery would be expensive, intrusive, and prone to substantial discovery disputes. However, as explained above, if the Court grants Suno's Motion to Dismiss or Transfer, this case will either proceed elsewhere or not at all, heightening the risk of "wasted time, efforts, and resources." *Gestamp*, 2022 WL 20613653, at *3 (finding that this factor favored stay in first-to-file rule case).

8

A stay therefore would save the parties and the Court from the need to expend significant resources on potentially unnecessary discovery. Put simply, pressing ahead before the Court determines the appropriate forum would require the parties and the Court to undertake and oversee intrusive, costly discovery in a potentially improper forum, open the door to duplicative efforts and conflicting rulings with the ongoing *UMG* and *Justice* litigations, and leave any interim work vulnerable to modification or termination following transfer or dismissal. For these reasons, this final factor also favors a stay.

In sum, all factors support granting Suno's Motion to Stay Discovery.

## V. CONCLUSION

Suno respectfully requests that the Court stay discovery pending resolution of its Motion to Dismiss or Transfer.

Date: January 27, 2026	Respectfully submitted,

*/s/* Gary Feinerman

Gary Feinerman (ARDC No. 6206906)
**LATHAM & WATKINS LLP**
330 N. Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: gary.feinerman@lw.com

Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
Joseph R. Wetzel (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: andrew.gass@lw.com
Email: britt.lovejoy@lw.com
Email: joe.wetzel@lw.com

*Attorneys for Defendant Suno, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 27, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF System, which shall send notification of such filing to all counsel of record.

/s/ Gary Feinerman
Gary Feinerman

11