**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAVID WOULARD, ATTACK THE SOUND LLC, an Illinois limited liability company, STAN BURJEK, JAMES BURJEK, BERK ERGOZ, HAMZA JILANI, MAATKARA WILSON, ARJUN SINGH, MAGNUS FIENNES, and MICHAEL MELL, each individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>       v.<br><br>SUNO, INC. and UNKNOWN DEFENDANTS,<br><br>           Defendants. | Case No. 25-cv-12684<br><br>District Judge Andrea R. Wood<br><br>Magistrate Judge Heather K. McShain |

## <u>DEFENDANT SUNO, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY</u>

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   ARGUMENT...........................................................................................................2

       A.     A Stay Will Not Prejudice Plaintiffs.......................................................................2

       B.     A Stay Will Simplify the Issues................................................................................7

       C.     A Stay Will Reduce the Burden of Litigation for the Parties and the Court .........10

       D.    Plaintiffs' Alternative Requests Should Be Rejected .............................................13

III.   CONCLUSION.....................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alexander v. Take-Two Interactive Software, Inc.*,
2019 WL 2176321 (S.D. Ill. May 20, 2019)................................................................8, 10, 11

*Auxo Brands, Inc., v. R-Class US LLC*,
2024 WL 6999061 (N.D. Ill. Oct. 9, 2024)..............................................................13

*Calderon v. Procter & Gamble Co.*,
2022 WL 20742696 (N.D. Ill. Oct. 6, 2022).......................................................2, 3, 4, 11

*Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*,
230 F.3d 934 (7th Cir. 2000) ....................................................................13

*Chandler v. Zinus, Inc.*,
2020 WL 12846610 (S.D. Ill. Sep. 10, 2020) ..........................................................3

*Creasy v. Charter Commc'ns, Inc.*,
489 F. Supp. 3d 499 (E.D. La. 2020)......................................................................4

*Gestamp Chattanooga, LLC v. Lincoln Electric Automation, Inc.*,
2022 WL 20613653 (E.D. Tenn. June 7, 2022)...................................................7, 8

*Harper v. Central Wire, Inc.*,
2020 WL 5230746 (N.D. Ill. Sep. 2, 2020) ..........................................................10

*Holmes v. Inmar Inc.*,
2022 WL 4596695 (C.D. Ill. June 1, 2022) ..........................................................12

*In re Church of Jesus Christ of Latter-Day Saints Tithing Litig.*,
2024 WL 4349160 (D. Utah Sep. 30, 2024) ..........................................................5

*In re Clearview AI, Inc. Consumer Priv. Litig.*,
2021 WL 5862495 (N.D. Ill. Aug. 31, 2021) ..........................................................8

*Jaramillo v. DineEquity, Inc.*,
664 F. Supp. 2d 908 (N.D. Ill. 2009) ..........................................................9

*Justice v. Suno, Inc.*,
No. 25-cv-11739, ECF No. 31 (D. Mass. Oct. 27, 2025) ..........................................6

*Liggins v. Reicks*,
2021 WL 2853359 (N.D. Ill. July 8, 2021)..................................................10, 13

*Lord v. PDD Holdings, Inc.*,
  2024 WL 5432081 (N.D. Ill. Feb. 28, 2024) ........................................................4, 5, 8, 11

*McReynolds v. Merrill Lynch & Co., Inc.*,
  694 F.3d 873 (7th Cir. 2012) .............................................................................................9

*Medline Indus., Inc. v. C.R. Bard, Inc.*,
  2019 WL 10948865 (N.D. Ill. Sep. 10, 2019) ...................................................................3

*Rando v. Gov't Emps. Ins. Co.*,
  2006 WL 8439443 (M.D. Fla. Dec. 4, 2006).................................................................8, 12

*Rodriguez v. Ford Motor Co.*,
  2022 WL 704780 (N.D. Ill. Mar. 9, 2022)................................................................ *passim*

*Sadler v. Retail Props. of Am., Inc.*,
  2013 WL 12333447 (N.D. Ill. Sep. 27, 2013) ................................................................4, 7

*Syngenta Seeds, Inc. v. BTA Branded, Inc*,
  2007 WL 3256848 (N.D. Ill. Nov. 1, 2007) ....................................................................10

*Thakkar v. ProctorU, Inc.*,
  2021 WL 2589019 (C.D. Ill. May 24, 2021) ...........................................................7, 8, 10, 11

*U.S. ex rel. Robinson v. Ind. Univ. Health Inc.*,
  2015 WL 3961221 (S.D. Ind. June 30, 2015)...................................................................10

*UMG Recordings, Inc. v. Suno, Inc.*,
  No. 24-cv-11611, ECF No. 42 (D. Mass. Oct. 28, 2024) .................................................6

*Vital Proteins, LLC v. Ancient Brands, LLC*,
  2023 WL 5671857 (N.D. Ill. Sep. 1, 2023) .......................................................................2

*Woulard v. Uncharted Labs, Inc.*,
  No. 25-cv-12613, ECF No. 32 (N.D. Ill. Feb. 10, 2026) (Ellis, J.) ................................1, 14

## OTHER AUTHORITIES

Privacy notice, Suno https://suno.com/privacy ...........................................................................5

Terms of Service, Suno, https://suno.com/terms-of-service .......................................................5

iii

## I.    INTRODUCTION

All three factors governing discovery stays—prejudice to the non-moving party, simplification of issues, and reduction of litigation burdens—strongly favor staying discovery pending resolution of Suno's Motion to Dismiss or Transfer.  Plaintiffs' Opposition does not change that calculus; if anything, it confirms why a stay is warranted.  And two weeks ago, another court in this District stayed discovery in a nearly identical putative class action brought by the same Plaintiffs, advancing the same theories, against another music generative artificial intelligence ("AI") company, where the defendant had moved to dismiss and transfer on nearly all the grounds Suno raises here.  *See Woulard v. Uncharted Labs, Inc.*, No. 25-cv-12613, Minute Entry, ECF No. 32 (N.D. Ill. Feb. 10, 2026) (Ellis, J.); *id.*, Motion to Dismiss, ECF No. 30 (N.D. Ill. Feb. 6, 2026).  There is no basis to chart a different course here.

*First*, Plaintiffs will not suffer any cognizable prejudice from a brief discovery stay.  Their arguments about Suno's continued business operations and speculative concerns about evidence preservation do not establish the kind of concrete prejudice that would warrant denial of a stay.

*Second*, a stay will simplify the issues in this case.  Suno's Motion to Dismiss or Transfer presents threshold, potentially dispositive issues—lack of personal jurisdiction, improper venue, and the first-to-file rule—that could dispose of this case in its entirety or result in its transfer to another District.  Plaintiffs incorrectly contend that Suno's motion must be indisputably dispositive rather than potentially dispositive.  That is not the law.

*Third*, a stay will materially reduce the burden of this copycat litigation on the parties and the Court.  Contrary to Plaintiffs' view, Suno need not challenge specific discovery requests to prevail on this factor.  And Plaintiffs' Opposition (Dkt. 31) confirms they intend to pursue sweeping, technically complex discovery—demanding access to Suno's source code, training data,

model repositories, ingestion logs, and subscriber analytics—before this Court has even determined whether it has jurisdiction over Suno or whether the case belongs in another forum.

*Finally*, Plaintiffs' proposed alternatives to a full stay—including jurisdictional discovery, initiating basic preservation steps, and phased discovery—do not resolve the critical problem: the Court should first resolve threshold, potentially dispositive issues before any discovery proceeds. As to jurisdictional discovery, Plaintiffs have also already responded to Suno's Motion to Dismiss or Transfer without seeking jurisdictional discovery, and they expressly concede that jurisdictional discovery is not necessary.

For all these reasons, and those set forth in Suno's Opening Brief (Dkt. 27), the Court should stay discovery pending resolution of Suno's Motion to Dismiss or Transfer.

## II.     ARGUMENT

As explained in Suno's Opening Brief, all factors strongly support a stay of discovery pending resolution of Suno's Motion to Dismiss or Transfer.  Plaintiffs' arguments to the contrary are unavailing and based on an incorrect view of the law and facts.

### A.     A Stay Will Not Prejudice Plaintiffs

Plaintiffs present a hodgepodge of arguments regarding the purported prejudice of a stay. Dkt. 31 at 3–7.  However, it is well-settled that mere delay in the commencement of discovery and resolution of the case, without more, does not counsel against a stay.  *See Calderon v. Procter & Gamble Co.*, 2022 WL 20742696, at *1 (N.D. Ill. Oct. 6, 2022); *Rodriguez v. Ford Motor Co.*, 2022 WL 704780, at *1 (N.D. Ill. Mar. 9, 2022); *Vital Proteins, LLC v. Ancient Brands, LLC*, 2023 WL 5671857, at *5 (N.D. Ill. Sep. 1, 2023).  Here, Plaintiffs have not identified any specific, concrete prejudice beyond ordinary delay.

Plaintiffs first argue that Suno's alleged unlawful operations have and will persist while this litigation is pending, which increases the harm to Plaintiffs and Illinois residents.  Dkt. 31 at

3–4. This assertion is nothing more than a repackaged argument about general delay. Absent court-ordered preliminary relief, a defendant is entitled to continue business operations during litigation. Critically, Plaintiffs have not sought any preliminary injunctive relief here, undermining any suggestion that Suno's ongoing operations are causing them cognizable harm. Plaintiffs cite no authority for the proposition that a company's continued commercial activity during litigation—without more—establishes prejudice from a brief discovery stay pending resolution of threshold motions. In short, Suno's continued business operations do not constitute cognizable prejudice warranting denial of a discovery stay. *See Chandler v. Zinus, Inc.*, 2020 WL 12846610, at *2 (S.D. Ill. Sep. 10, 2020) (concluding that plaintiffs would not suffer significant prejudice from a stay, despite plaintiffs' claims that they planned to seek injunctive relief against defendants who continued to sell defective products).

Despite Plaintiffs' protestations to the contrary, Dkt. 31 at 6–7, their decision to forego seeking immediate injunctive relief or a preliminary injunction further undercuts their claims of prejudice. *See Medline Indus., Inc. v. C.R. Bard, Inc.*, 2019 WL 10948865, at *2 (N.D. Ill. Sep. 10, 2019) (holding that plaintiffs' failure to seek a preliminary injunction showed that a delay would not significantly prejudice plaintiff); *Calderon*, 2022 WL 20742696, at *1 (same); *Rodriguez*, 2022 WL 704780, at *1 (noting plaintiff's failure to seek immediate injunctive relief). Plaintiffs' attempt to distinguish *Medline* based on that case "involv[ing] a two-party patent dispute between sophisticated competitors with roughly symmetrical access to evidence," rather than "a putative nationwide class action against a company that controls the entirety of the relevant evidence," Dkt. 31 at 6, falls flat. As an initial matter, *Medline* did not mention the nature of the parties or control of access to evidence as part of its analysis. Moreover, *Rodriguez* and *Calderon* likewise emphasized that a plaintiff's failure to seek preliminary or immediate injunctive relief

3

favors a stay—even in putative class actions against companies. *See Rodriguez*, 2022 WL 704780, at *1; *Calderon*, 2022 WL 20742696, at *1.

Plaintiffs' evidence-preservation arguments are equally unpersuasive. Plaintiffs contend that "Suno's product is not static" because it releases new versions, its terms of service "contemplate routine deletion and removal of user-associated content," and its "privacy policy authorizes data disposal consistent with its retention practices." Dkt. 31 at 4–5. But similar speculative spoliation arguments are routinely rejected. For instance, in *Lord v. PDD Holdings, Inc.*, the court rejected the plaintiffs' evidence spoliation argument based on certain changes to the defendants' allegedly infringing websites, reasoning that "Defendants, which are sophisticated corporate entities, have the ability to retrieve prior versions of their websites if requested in discovery and 'has systems in place to store and retain documents.'" 2024 WL 5432081, at *2 (N.D. Ill. Feb. 28, 2024). And the fact that the *Lord* plaintiffs had not shown "that evidence has been destroyed or lost at this point" further supported that lack of prejudice. *Id.*; *see also Sadler v. Retail Props. of Am., Inc.*, 2013 WL 12333447, at *1 (N.D. Ill. Sep. 27, 2013) (finding no prejudice to plaintiffs because defendants were "aware of the pending lawsuits and that the nature of the lawsuits require[d] them to preserve the pertinent documents," and the requested documents were "usually maintained by corporate entities such as the Defendants in the ordinary course of business"); *Creasy v. Charter Commc'ns, Inc.*, 489 F. Supp. 3d 499, 510 (E.D. La. 2020) (determining that a stay "will not pose a substantial risk of loss of evidence (since [defendant] is a sophisticated defendant that is presumably well aware of its preservation obligations)").

So too here. In its Opening Brief, Suno—a corporate entity—confirmed it has taken appropriate preservation steps and will continue to honor its preservation obligations. Dkt. 27 at 6. This is consistent with Suno's terms of service, which make clear that it will preserve content

4

if required by law, to comply with legal process, or to defend claims that any content violates third-party rights. TERMS OF SERVICE, SUNO, https://suno.com/terms-of-service (intellectual property rights section). Similarly, Suno's privacy policy provides that it may retain user information to resolve disputes and if relevant to a legal proceeding, and use user information to comply with legal obligations and defend against legal liability. PRIVACY NOTICE, SUNO https://suno.com/privacy ("How Long We Retain Your Information," "How We Use Your Information," and "How You Can Opt Out From Receiving Communications, Change Or Request Deletion Of Your Information" sections).

To be clear, Suno has undertaken the appropriate steps to preserve relevant documents, data, and information for this case as well as the *UMG* and *Justice* cases. Plaintiffs dismiss such assertions as "unsworn attorney argument[s]," Dkt. 31 at 5, but that objection is both unsubstantiated and premature. Plaintiffs offer no evidence, let alone any reason to believe, that Suno has failed to preserve relevant materials. Indeed, courts credit representations regarding preservation in briefs. *See, e.g.*, *Lord*, 2024 WL 5432081, at *2 (crediting defendants' representations in their briefs that they were complying with document retention and preservation duties and "tak[ing] them at their word"); *In re Church of Jesus Christ of Latter-Day Saints Tithing Litig.*, 2024 WL 4349160, at *3 (D. Utah Sep. 30, 2024) (concluding that a discovery stay would not result in lost evidence based on defendant's representation in its reply brief that it is a "sophisticated organization and has put in place its long-established litigation-hold procedures"). Consistent with the reasoning in *Lord*, if Suno ultimately is "found to be spoliating evidence, [it] will face potentially dire consequences, including having default judgment entered against [it]." *Id.* at *2. That consequence further provides ample assurance of compliance. Notably, Plaintiffs cite no authority—from this Court or elsewhere—requiring Suno to submit a declaration detailing

5

its preservation and document retention practices, and this Court should decline Plaintiffs' invitation to impose such an unprecedented requirement based on nothing more than its unsupported speculation.

Plaintiffs next argue that their "prejudice is real and compounding" because "there is no alternative forum with active discovery," and Suno is "simultaneously trying to dismiss the Massachusetts case on the merits." Dkt. 31 at 6. This argument mischaracterizes the current status of the *Justice* case and neglects the *UMG* case entirely.[1] Contrary to Plaintiffs' suggestion, Suno's pending motion to dismiss in *Justice* does not seek to dismiss all claims; rather, Suno seeks to dismiss three of the four claims, leaving a core copyright infringement training claim undisturbed. *See Justice v. Suno, Inc.*, No. 25-cv-11739, ECF No. 31 (D. Mass. Oct. 27, 2025). Accordingly, regardless of the outcome of Suno's motion to dismiss, which is set for hearing on March 20, 2026, *id.,* ECF No. 38 (D. Mass. Feb. 12, 2026), the *Justice* litigation will proceed.

For its part, *UMG* has been in active discovery since 2024. *See UMG Recordings, Inc. v. Suno, Inc.*, No. 24-cv-11611, ECF No. 42 (D. Mass. Oct. 28, 2024); *id.*, ECF No. 178 (D. Mass. Dec. 19, 2025). As explained in Suno's Opening Brief, the *UMG* case likewise involves a challenge to Suno's development, training, and operation of its AI models, with plaintiffs asserting a copyright infringement claim based on Suno's alleged copying of music to train its AI model. Dkt. 27 at 2–3. The fact that the *UMG* plaintiffs are major record labels rather than independent artists does not negate that key overlap in copyright infringement theories and discovery or that the litigation is without a doubt in active discovery. And aside from their inaccurate characterizations of the other suits pending against Suno in the District of Massachusetts, Plaintiffs

---

[1] Plaintiffs briefly mention the *UMG* case later in the brief in an attempt to rebut Suno's concerns about duplicative discovery. Dkt. 31 at 11; *see infra* at 12.

again point to no authority holding that the status of discovery in other cases is relevant to the issue of prejudice from a brief stay in this matter.

Plaintiffs' attempt to distinguish *Gestamp Chattanooga, LLC v. Lincoln Electric Automation, Inc.*, 2022 WL 20613653 (E.D. Tenn. June 7, 2022), misses the mark. Plaintiffs argue that *Gestamp* and other unidentified cases involved "stays where discovery is ready to proceed in an alternative forum or where the pending motion would truly end the case." Dkt. 31 at 6. But here, as in *Gestamp*, Suno has moved for dismissal pursuant to the first-to-file rule, which would end the case entirely in any forum if granted. 2022 WL 20613653, at *2. Whether Suno seeks to partially dismiss the *Justice* case on the merits is irrelevant to this fact. And again, Plaintiffs identify no authority suggesting that the underlying merits of the first-filed action has any bearing on the court's analysis of the first-to-file rule in the second-filed action.

In sum, a stay will not prejudice Plaintiffs.

## B.     A Stay Will Simplify the Issues

Plaintiffs assert that a stay will not simplify the issues because Suno's Motion to Dismiss or Transfer "is not clearly dispositive" and "threshold forum relief does not eliminate discovery." Dkt. 31 at 7–8. Plaintiffs' first point is wrong, and the second is irrelevant.

As discussed in Suno's Opening Brief, Suno's Motion to Dismiss or Transfer presents threshold, potentially dispositive issues—lack of personal jurisdiction, improper venue, and the first-to-file rule. Plaintiffs contend that Suno's motion is not "clearly dispositive." Dkt. 31 at 1, 7. But that is not the standard. Instead, courts assess whether a pending motion "could *potentially* be dispositive" when determining whether a discovery stay is warranted. *Rodriguez*, 2022 WL 704780, at *1 (emphasis added); *see also Sadler*, 2013 WL 12333447, at *1) (granting stay and noting that the pending motions to dismiss were "potentially dispositive"); *Thakkar v. ProctorU,*

7

*Inc.*, 2021 WL 2589019, at *1 (C.D. Ill. May 24, 2021) (granting stay and noting that defendant's motion to dismiss for lack of personal jurisdiction "may be dispositive").

In any event, Defendants are wrong to argue that Suno's Motion to Dismiss or Transfer "does not present a single, clean dispositive issue that would predictably end the litigation." Dkt. 31 at 7. The reason is plain: dismissal under the first-to-file rule would end the litigation in any forum. That is precisely why courts have stayed discovery stay pending adjudication of the motion to dismiss under the first-to-file rule. *See Gestamp*, 2022 WL 20613653, at *2 (granting stay because first-to-file rule "would dispose of [the] case in its entirety"); *Rando v. Gov't Emps. Ins. Co.*, 2006 WL 8439443, at *2 (M.D. Fla. Dec. 4, 2006) (granting stay because resolution of first-to-file issue did not require discovery, and discovery before resolution could "force[] [defendant] to incur needlessly unnecessary discovery costs" and "risk … inconsistent rulings by district courts").

Plaintiffs completely ignore Suno's cited cases, which recognize that courts in this Circuit routinely stay discovery during the pendency of motions to dismiss where the motion would resolve threshold jurisdictional issues, including personal jurisdiction.[2] *See Lord*, 2024 WL 5432081, at *3 (staying discovery pending resolution of motion to dismiss for lack of personal jurisdiction because, if granted, a party would be eliminated and the threshold issue resolved, which would narrow the parties and issues for discovery); *Alexander v. Take-Two Interactive Software, Inc.*, 2019 WL 2176321, at *2 (S.D. Ill. May 20, 2019) (similar); *Thakkar*, 2021 WL

---

[2] Plaintiffs rely on *In re Clearview AI, Inc. Consumer Priv. Litig.*, 2021 WL 5862495 (N.D. Ill. Aug. 31, 2021), for the proposition that "[c]ourts recognize that stays are most warranted when a motion would end the case, not merely relocate it." Dkt. 31 at 8. But Plaintiffs' interpretation stretches *In Re Clearview* too far. While that case involved a motion to dismiss based on standing, the court expressly recognized that a stay is "often deemed appropriate where the motion to dismiss" raises threshold issues, such as jurisdiction. *In re Clearview*, 2021 WL 5862495, at *1. That is the case here.

2589019, at *1 (staying discovery pending resolution of motion to dismiss for lack of personal jurisdiction and motion to transfer venue); Dkt. 27 at 4. And contrary to Plaintiffs' submission, Dkt. 31 at 8, the possibility that the non-movant could refile the case and discovery might proceed in another forum has no bearing on the analysis here—that is, whether a stay will simplify the issues in this case before this Court. If this Court grants Suno's Motion to Dismiss or Transfer on personal jurisdiction grounds, a threshold jurisdictional issue would be resolved, which alone would end the case before this Court.

Finally, Plaintiffs also argue that Suno adopts "contradictory positions" regarding the *Justice* case by "invok[ing] *Justice* as a basis to freeze this case while simultaneously seeking to eliminate *Justice* on the merits," which "undermine[s] the first-to-file premise." Dkt. 31 at 8–9. Not so. As noted, Suno has moved to dismiss not the entire *Justice* case, but only specific claims. *See supra* at 6. More importantly, Plaintiffs fundamentally misunderstand the first-to-file rule, which turns on chronology, judicial economy interests, and substantial overlap of issues—not on whether the first-filed case will ultimately succeed on the merits. *See McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 888 (7th Cir. 2012) ("The district court has broad discretion to dismiss a complaint 'for reasons of wise judicial administration … whenever it is duplicative of a parallel action already pending in another federal court.'"); *Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 917 (N.D. Ill. 2009) ("[W]hen two similar actions are filed before two different federal judges, judicial economy favors a rule that allows only the first-filed case to proceed."). Plaintiffs cite no authority to support their suggestion that a defendant may not argue that a later-filed case should defer to an earlier-filed case under the first-to-file rule while simultaneously seeking to dismiss portions of the first-filed case on the merits.

Accordingly, this factor likewise favors a stay.

9

### C. A Stay Will Reduce the Burden of Litigation for the Parties and the Court

Plaintiffs argue that Suno has not shown a concrete burden that warrants a stay. Dkt. 31 at 9–11. This argument fails because Suno's anticipated discovery burden is substantial and Suno's expectations that Plaintiffs will seek burdensome and sweeping discovery are well-grounded in Plaintiffs' extensive allegations and Suno's experience in the *UMG* litigation. Dkt. 27 at 8.

Plaintiffs dismiss Suno's burden arguments as mere "speculation" because no discovery requests have yet been served. Dkt. 31 at 9. Yet courts regularly evaluate anticipated discovery burdens without the moving party challenging specific discovery requests as unduly burdensome.[3] *Cf. Liggins v. Reicks*, 2021 WL 2853359, at *3 (N.D. Ill. July 8, 2021) (staying discovery without analyzing discovery requests where a stay pending adjudication of defendants' motion to dismiss based on qualified immunity defense would "promote efficient use of the parties' and the court's resources and avoid unnecessary discovery expense"); *Thakkar*, 2021 WL 2589019, at *1 (without analyzing discovery requests, concluding that a stay would "reduce the burden of litigation on the parties and on the Court"); *Alexander*, 2019 WL 2176321, at *2 (same); *Rodriguez*, 2022 WL

---

[3] Plaintiffs' cited cases regarding the burden factor are readily distinguishable. Dkt. 31 at 9–10. Although the court in *Harper v. Central Wire, Inc.*, concluded that the burden factor weighed against a stay, the court further found that the other factors likewise disfavored a stay because the defendants' motion to dismiss did not raise a threshold issue; some defendants did not join the motion to stay discovery, which could complicate discovery; and the plaintiff could suffer significant prejudice from a stay because of her cancer diagnosis. 2020 WL 5230746, at *1–4 (N.D. Ill. Sep. 2, 2020). Similarly, in *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, the court determined that the defendants' motion to dismiss failed to raise a threshold issue, and the defendants failed to argue that they would be burdened by additional discovery. 2007 WL 3256848, at *1–2 (N.D. Ill. Nov. 1, 2007). And in *U.S. ex rel. Robinson v. Ind. Univ. Health Inc.*, the court reasoned that that defendants' motion to dismiss failed to raise threshold issues, the relator in the case would suffer prejudice because the court had already set discovery deadlines, and the judicial system would suffer prejudice because the case had been pending for over eighteen months. 2015 WL 3961221, at *6–7 (S.D. Ind. June 30, 2015). By contrast, Suno's Motion to Dismiss or Transfer raises multiple threshold issues, Suno is the sole defendant, this case has been pending for only four months, and Plaintiffs have failed to identify any concrete prejudice beyond ordinary delay. *See supra* at 2–7.

10

704780, at *2 (granting a stay without analyzing discovery requests where defendant expected plaintiff to seek expansive discovery based on plaintiff's statement that he intended to seek discovery regarding the company's allegedly defective car part); *Calderon*, 2022 WL 20742696, at *2 (similar).

Critically, Plaintiffs have confirmed Suno's expectation of sweeping, technical discovery regarding the development, training, and operation of Suno's AI models. Specifically, Plaintiffs state in their Opposition that the "core evidence in this case" includes training data, model repositories, ingestion logs, source code, and subscriber analytics. Dkt. 31 at 10. Discovery regarding such evidence would be expensive and intrusive at this stage, requiring, *inter alia*, Suno to divert significant engineering resources to identify, collect, and review highly technical materials to produce training data, source code, and model repositories. Given Plaintiffs' statement, Suno's anticipated discovery burden is certainly not speculative.

Plaintiffs next argue that a stay defers rather than reduces the discovery burden because discovery in this case will likely proceed in another forum if Suno prevails in its Motion to Dismiss or Transfer. Dkt. 31 at 10. Again, Plaintiffs misapprehend the law in arguing that a "stay conserves resources only if the motion would end the case entirely" in any forum. *Id.* To the contrary, as several courts have held, this factor favors a stay where there are pending personal jurisdiction or venue transfer issues that would end the case in that forum. *See, e.g.*, *Lord*, 2024 WL 5432081, at *3 ("While a jurisdictional issue remains to be decided, the Court does not believe it is a wise use of resources to litigate and adjudicate discovery issues that the Court may not have the ability to enforce in any event."); *Alexander*, 2019 WL 2176321, at *2 (staying discovery to avoid dedicating "time, money, and resources toward merits-based discovery if [personal] jurisdiction is ultimately lacking"); *Thakkar*, 2021 WL 2589019, at *1 (granting stay where motion to dismiss for lack of

11

personal jurisdiction could be dispositive and transfer motion could move the case to another court); *Holmes v. Inmar Inc.*, 2022 WL 4596695, at *1 (C.D. Ill. June 1, 2022) ("Defendant's Motion to Dismiss … may be dispositive as it claims lack of personal jurisdiction. For this reason, the Court finds that a stay will reduce the burden of litigation on the parties and on the Court."). Under any of Suno's theories for dismissal or transfer, this case will proceed elsewhere or not at all; a brief stay therefore avoids potentially unnecessary and costly discovery in this forum. Dkt. 27 at 7–9. That suffices for this factor.

Plaintiffs also take issue with Suno's argument that proceeding with discovery here would invite duplicative efforts and inconsistent rulings with the related actions pending in the District of Massachusetts. Dkt. 31 at 11. In Plaintiffs' view, the lack of discovery in *Justice* and the differences between this case and *UMG* render Suno's "duplicative discovery concern … illusory." *Id.* But Suno's concerns are not illusory; rather, there is a risk of inconsistent rulings with the earlier-filed actions, regardless of the current status of discovery in those actions. See *Rando*, 2006 WL 8439443, at *2 (noting "risk of inconsistent rulings" without considering status of discovery in first-filed action). Further, because *UMG* and this case challenge Suno's alleged copying of music to train its AI model, there is a high likelihood of overlapping discovery on that issue. *See supra* at 6–7.[4]

For these reasons, Plaintiffs' arguments against a stay for this final factor are unavailing, and do not weigh against a stay.

---

[4] Without any explanation or support, Plaintiffs claim that the *UMG* case is "shrinking, not expanding." Dkt. 31 at 11. Assuming that Plaintiffs are referring to the stipulation of dismissal by certain plaintiffs, litigation and discovery is just as active, if not more, as to the other plaintiffs.

### D. Plaintiffs' Alternative Requests Should Be Rejected

In a last-ditch effort, Plaintiffs propose three alternatives to a stay of all discovery: (1) jurisdictional discovery; (2) starting basic preservation steps including proceeding with a Rule 26(f) conference, exchanging initial disclosures, entering a formal preservation order, and negotiating a protective order framework; and (3) phased discovery. Dkt. 31 at 11–14. The Court should reject these alternative proposals, which Plaintiffs fail to support with any authority as an appropriate alternative to a full stay.

First, jurisdictional discovery is unnecessary. Plaintiffs have already responded to Suno's Motion to Dismiss or Transfer without seeking jurisdictional discovery in advance. *Cf. Auxo Brands, Inc., v. R-Class US LLC*, 2024 WL 6999061, at *2 (N.D. Ill. Oct. 9, 2024) (granting discovery stay, despite plaintiffs arguing that jurisdictional discovery was necessary to resolve service of process issue, because plaintiffs fully briefed the motion to dismiss); *Liggins*, 2021 WL 2853359, at *2 (rejecting plaintiff's objection to stay, despite plaintiff arguing that discovery was necessary to resolve qualified immunity issue, because plaintiff did not seek leave to conduct discovery before responding to defendants' motion to dismiss based on qualified immunity).

Indeed, Plaintiffs expressly concede that they "do not believe jurisdictional discovery is necessary." Dkt. 31 at 12. That admission is fatal. And the sole case Plaintiffs cite in support of jurisdictional discovery actually undermines their argument, as the Seventh Circuit there affirmed the district court's denial of the plaintiff's request for jurisdictional discovery. *See Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 947 (7th Cir. 2000).

Second, Plaintiffs' other proposals to begin initial discovery steps (*i.e.*, exchanging initial disclosures) and phased discovery (*i.e.*, proceeding with discovery for Illinois-specific statutory claims) do not resolve the fundamental problem: the Court should first resolve threshold, potentially dispositive issues before any discovery proceeds. Such discovery would still impose

13

burdens on Suno while threshold forum questions remain unresolved, and any discovery conducted here could prove unnecessary if the case is ultimately dismissed. *See supra* at 7–9; Dkt. 31 at 7–8. Significantly, Plaintiffs also fail to offer any supporting authority for these alternative approaches to a stay. Indeed, the court in *Woulard v. Uncharted Labs, Inc.*, stayed discovery in full and did not implement any alternative proposals to stay of all discovery. *See* ECF No. 32 (N.D. Ill. Feb. 10, 2026). As such, the Court should similarly reject these proposals.[5]

### III. CONCLUSION

For the foregoing reasons and those articulated in the Opening Brief, Suno respectfully requests that the Court stay discovery pending resolution of its Motion to Dismiss or Transfer.

---

[5] Additionally, Plaintiffs request that the Court enter a formal preservation order covering "model version checkpoints, training data snapshots, ingestion and scraping logs, log retention policies for third-party hosted infrastructure, and litigation hold implementation." Dkt. 31 at 13. However, Suno has already confirmed that it has implemented appropriate preservation measures and will continue to honor its preservation obligations. *See supra* at 4–6. A separate preservation order is unnecessary because Suno, as a sophisticated corporate litigant involved in multiple active litigations concerning the same technology, already maintains the documents and data at issue and has every incentive to preserve them. As noted above, courts credit such representations, and the severe sanctions available for spoliation provide additional assurance of compliance. *See supra* at 5.

14

Date: February 23, 2026

Respectfully submitted,

 */s/* Gary Feinerman

Gary Feinerman (ARDC No. 6206906)
**LATHAM & WATKINS LLP**
330 N. Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: gary.feinerman@lw.com

Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
Joseph R. Wetzel (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: andrew.gass@lw.com
Email: britt.lovejoy@lw.com
Email: joe.wetzel@lw.com

*Attorneys for Defendant Suno, Inc.*

15

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 23, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF System, which shall send notification of such filing to all counsel of record.

/s/ Gary Feinerman
Gary Feinerman
