**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAVID WOULARD, ATTACK THE SOUND LLC, an Illinois limited liability company, STAN BURJEK, JAMES BURJEK, BERK ERGOZ, HAMZA JILANI, MAATKARA WILSON, ARJUN SINGH, MAGNUS FIENNES, and MICHAEL MELL, each individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SUNO, INC. and UNKNOWN DEFENDANTS, <br><br> Defendants. | Case No. 25-cv-12684 <br><br> District Judge Andrea R. Wood <br><br> Magistrate Judge Heather K. McShain |

## DEFENDANT SUNO, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Suno, Inc. ("Suno") respectfully submits this Notice of Supplemental Authority in further support of its fully briefed Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, to Transfer Venue, Dkt. 25.

Suno brings to the Court's attention *Josephson v. Kalshi, Inc.*, 2026 WL 1078375 (N.D. Ill. Apr. 21, 2026) (Exh. A hereto). In *Kalshi*, Illinois residents brought a putative class action against a company headquartered and operated in New York, asserting several Illinois state law claims. 2026 WL 1078375, at *1. The defendant moved to transfer venue under 28 U.S.C. § 1404(a) to the Southern District of New York, where similar class actions against the same defendant were pending. *Id.* The court granted the motion, holding that the interests of justice "compel[led]" transfer because "[i]f this action and the New York Action were to proceed separately, both this court and the Southern District of New York would expend resources investigating the same facts, resolving similar discovery disputes, familiarizing themselves with

1

the same relevant legal principles, and potentially reaching contradictory conclusions." *Id.* at *4–5. Additionally, the court explained that "[t]his duplication of judicial efforts … would be compounded if both actions reach appeal where two different appellate courts would have to consider the same issues again." *Id.* at *5. The court further found that transfer was warranted even though the Illinois action asserted Illinois-specific consumer fraud claims not raised in the New York action, reasoning that "the substance of the claims is the same." *Id.*

The *Kalshi* decision provides additional support for Suno's argument that the interests of justice support transfer to the District of Massachusetts. Dkt. 25 at 29–30; Dkt. 33 at 14–15. As here, *Kalshi* involved a later-filed Illinois class action asserting claims that substantially overlapped with an earlier-filed action already pending in the proposed transferee district. 2026 WL 1078375, at *1–2, *5–6. And as Suno argued in its reply brief, the "trend among Courts in this District is to grant transfer motions" where, as here, "the defendant is located in the transferee district, two similar class actions are pending in different federal districts and one of the class actions is pending in the transferee district." Dkt. 33 at 15 (quoting *Rosen v. Spirit Airlines, Inc.*, 152 F. Supp. 3d 1055, 1063 (N.D. Ill. 2015)). *Kalshi* continues that trend.

2

Date: May 11, 2026

Respectfully submitted,

_/s/   Gary Feinerman_

Gary Feinerman (ARDC No. 6206906)
**LATHAM & WATKINS LLP**
330 N. Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: gary.feinerman@lw.com

Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
Joseph R. Wetzel (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: andrew.gass@lw.com
Email: britt.lovejoy@lw.com
Email: joe.wetzel@lw.com

*Attorneys for Defendant Suno, Inc.*

3

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 11, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF System, which shall send notification of such filing to all counsel of record.

/s/ Gary Feinerman
Gary Feinerman