**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID WOULARD, ATTACK THE SOUND LLC, an Illinois limited liability company, STAN BURJEK, JAMES BURJEK, BERK ERGOZ, HAMZA JILANI, MAATKARA WILSON, ARJUN SINGH, MAGNUS FIENNES, and MICHAEL MELL, each individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUNO, INC. and UNKNOWN DEFENDANTS,<br><br>Defendants. | Case No. 25-cv-12684<br><br>District Judge Andrea R. Wood<br><br>Magistrate Judge Heather K. McShain |

**DEFENDANT SUNO, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Suno, Inc. ("Suno") respectfully submits this Notice of Supplemental Authority in support of its Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, to Transfer Venue ("Motion"), Dkt. 25.

Suno brings to the Court's attention Judge Ellis's recent decision in *Woulard v. Uncharted Labs, Inc.*, No. 1:25-cv-12613 (N.D. Ill. Aug. 3, 2026) ("*Udio*") (Exh. A hereto). In *Udio*, Plaintiffs here brought a nearly-identical putative class action, with nearly identical claims, against a different music generative AI company. *Id.* at 1–2. Udio moved to dismiss for lack of personal jurisdiction, to dismiss or stay under the first-to-file doctrine, or to transfer venue to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). *Id.* at 4.

Without reaching the other issues, the court granted Udio's motion to transfer the case to the Southern District of New York, where Udio is headquartered and a related earlier-filed action,

*Justice v. Uncharted Labs, Inc.*, No. 25-cv-5026 (S.D.N.Y.), is pending. *Udio* reinforces Suno's position in favor of transfer to the District of Massachusetts.

*First*, the court held that Plaintiffs' choice of forum merits diminished deference in a putative nationwide class action, even where certain named plaintiffs reside in the chosen forum, because the chosen forum "is not the home forum for all of the named Plaintiffs." *Udio*, slip op. at 5–6. This holding provides direct support for Suno's argument that Plaintiffs' selection of the Illinois forum is entitled to reduced weight. Dkt. 25 at 28–29; Dkt. 33 at 14.

*Second*, the court concluded that the situs of material events favored transfer because courts look to "where the defendant's decisions and activities that gave rise to the claim took place," including "where the underlying business decisions were made." *Udio*, slip op. at 6. The court found that Udio develops, trains, and operates its AI model in New York, and that Plaintiffs had not "offered anything suggesting that" the challenged conduct originated in Illinois. *Id.* This reasoning maps directly onto Suno's argument that where it develops, trains, and operates its music generative AI model is the focus of the situs of material events inquiry, and those activities emanate from Suno's Massachusetts headquarters. Dkt. 25 at 26–27; Dkt. 33 at 12–13.

*Third*, the court held that the convenience of the parties favored transfer in part because the related *Justice* litigation pending in the proposed transferee district "likely involves many of the same witnesses, evidence, and legal arguments." *Udio*, slip op. at 7–8. The same considerations apply here: two related actions against Suno are already pending in the District of Massachusetts, where Suno is headquartered. Dkt. 25 at 27–28; Dkt. 33 at 13–14.

*Fourth*, the court determined that the interests of justice supported transfer in part because permitting substantially overlapping actions to proceed in separate districts "leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Udio*, slip op.

at 9 (quoting *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990)). The court emphasized that even though the Illinois and New York actions "assert some different claims, they arise from the same facts and raise many of the same legal issues." *Id.* This reasoning applies with equal force to Suno's pending Motion, where the actions in Massachusetts and this case arise from the same underlying conduct—Suno's development and operation of its music generative AI platform—and present overlapping legal questions. Dkt. 25 at 29–30; Dkt. 33 at 14–15.

In sum, *Udio* confirms—in a materially analogous music generative AI lawsuit—that where the defendant is headquartered in the proposed transferee district, related litigation is already pending there, and the claims arise from the same core conduct, transfer under § 1404(a) is appropriate.

Date: August 12, 2026

Respectfully submitted,

/s/ Gary Feinerman

Gary Feinerman (ARDC No. 6206906)
**LATHAM & WATKINS LLP**
330 N. Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: gary.feinerman@lw.com

Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
Joseph R. Wetzel (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: andrew.gass@lw.com
Email: britt.lovejoy@lw.com
Email: joe.wetzel@lw.com

*Attorneys for Defendant Suno, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 12, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF System, which shall send notification of such filing to all counsel of record.

/s/ Gary Feinerman
Gary Feinerman