**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID WOULARD, ATTACK THE SOUND LLC, an Illinois limited liability company, STAN BURJEK, JAMES BURJEK, BERK ERGOZ, HAMZA JILANI, MAATKARA WILSON, ARJUN SINGH, MAGNUS FIENNES, and MICHAEL MELL, each individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>SUNO, INC. and UNKNOWN DEFENDANTS,<br><br>Defendants. | ) | Case No. 25-cv-12684<br><br>District Judge Andrea R. Wood<br><br>Magistrate Judge Heather K. McShain |

**PLAINTIFFS' RESPONSE TO DEFENDANT SUNO, INC.'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully respond to Suno's Notice of Supplemental Authority ("Notice") (Dkt. 38).[1] Suno treats *Woulard v. Uncharted Labs, Inc.*, No. 25-cv-12613 (N.D. Ill. Aug. 3, 2026) ("*Udio*"), as though transfer of another case against a different defendant resolves transfer here. It does not. Plaintiffs acknowledge that the same Plaintiffs asserted substantially parallel claims against another generative-AI music company, and they do not ask this Court to disagree with Judge Ellis. Section 1404(a) requires an "individualized, case-by-case consideration of convenience and fairness," *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988). Every finding that carried the result in *Udio* rested on a record feature absent, or inverted, here. Applying Judge Ellis's framework to this record compels the opposite conclusion.

Judge Ellis emphasized the governing burden: the movant must demonstrate that the

[1] The Notice goes beyond identifying *Udio*. It applies the decision factor by factor to the parties' closed briefing. At the August 13, 2026 status, the Court permitted Plaintiffs to file this response.

transferee district is "clearly more convenient," and the balancing is committed to the Court's discretion because it involves "a large degree of subtlety and latitude." *Udio*, slip op. at 5 (Dkt. 38-1) (quoting *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989), and *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986)). The § 1404(a) inquiry turns on defendant-side variables: where *this* defendant's conduct occurred, what *this* defendant proved, and what efficiencies *this* transferee district offers. The one feature the cases genuinely share, a putative nationwide class with named plaintiffs of mixed residency, bore only on the deference owed Plaintiffs' forum choice, a single factor that did not decide *Udio* and cannot decide this motion. Suno cannot carry its burden merely by showing that Massachusetts is also a proper and convenient forum.

*First*, Udio's situs finding rested on record evidence[2]; Suno's motion rests on none. The Shulman declaration accompanied only Suno's motion to dismiss the original complaint. When the FAC superseded that pleading, Suno filed a new motion and exhibits and did not resubmit or incorporate the declaration. Dkts. 25, 25-1. Suno did not invoke Shulman; it argued that no declaration was required. Dkt. 33 at 13 & n.5. That was a litigation choice, and Suno should be held to it: evidence submitted with a motion directed at a superseded pleading cannot carry Suno's burden on the motion now before the Court. The FAC's detailed allegations of Illinois subscription contracting, billing, service performance, and output delivery therefore stand unrebutted. Suno's contrary narrative rests on nothing but the statements of its counsel, and "it is universally known that statements of attorneys are not evidence." *Campania Mgmt. Co. v. Rooks,*

[2] Plaintiffs rely solely on Judge Ellis's description of the *Udio* record and do not concede the accuracy of Udio's evidentiary submissions. Nor would the Shulman declaration submitted with Suno's superseded motion cure that gap even if considered. It predates the FAC, was not resubmitted or incorporated with Suno's motion against the FAC, and does not address the FAC's added allegations of Illinois contracting and billing, in-District service performance and output delivery, or biometric collection. *See* FAC ¶ 45(a8)–(a18), (a23)–(a26), (a40)–(a48); ¶ 47(a3)–(a11), (a20)–(a23), (a27)–(a30) (Dkt. 17).

*Pitts & Poust*, 290 F.3d 843, 853 (7th Cir. 2002); *see also IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc.*, 437 F.3d 606, 610 (7th Cir. 2006) (declining to credit a factual characterization where the party's "brief tells us that it is a small firm, but there is no evidence in the record to support that characterization"). Plaintiffs have never argued that a declaration is "required" in the abstract, *cf.* Dkt. 33 at 13 n.5. The point is that Suno, which bears the burden, chose to offer nothing.

*Second, Udio* also treated access to proof and witness convenience as neutral: the records were electronic, neither side identified nonparty witnesses, and party witnesses received less weight because they were expected to appear voluntarily. *Udio*, slip op. at 6–7. The same is true here. Suno identifies overwhelmingly digital records and only its own executives and technical personnel, not a nonparty witness whose attendance depends on transfer. Dkt. 25 at 27–28. Under *Udio*, those factors do not favor Massachusetts.

*Third*, *Udio*'s interest-of-justice analysis rested on concrete transferee-district advantages that Suno has not established. The related *Justice* action in New York had "advanced further," and the transferee court had already ruled on an initial motion to dismiss. *Udio*, slip op. at 7–8. Suno's Notice identifies no comparable merits ruling in *Justice v. Suno* and does not establish that the related class action has advanced further than this one. Plaintiffs acknowledge that Judge Saylor's handling of *Justice* and *UMG* gives the District of Massachusetts some defendant-specific familiarity. But that consideration does not reflect the actual procedural lead on which *Udio* relied.

The docket statistics are likewise mixed rather than uniformly favorable. In *Udio*, both median disposition and median trial time favored New York. *Id.* at 8. Suno's figures show Massachusetts slightly slower to disposition (7.4 months versus 7.1 months here) and faster only

as to median time to trial. Dkt. 25 at 30. Suno proposed fact discovery through August 2027 and dispositive motions in February 2028. Dkt. 28 at 3–4. Unlike *Udio*, there is no unambiguous speed factor favoring transfer. Nor does *Josephson v. Kalshi, Inc.* alter that comparison. Like *Udio*, *Kalshi* rested on concrete efficiencies in the transferee forum: four class actions had already been consolidated into a single New York proceeding containing nationwide and Illinois classes; the court identified specific overlapping questions; and New York was faster on every reported measure. 2026 WL 1078375, at *1, *5–6 (N.D. Ill. Apr. 21, 2026) (Dkt. 35-1). Suno has shown no comparable combination here.

*Fourth*, *Udio* placed Illinois's interest on Plaintiffs' side of the balance. Judge Ellis recognized that Illinois "may arguably have a greater interest" in the Illinois statutory claims. *Udio*, slip op. at 9. That same consideration applies here, where the FAC alleges collection and commercial use of Illinois residents' biometric voiceprints and dissemination of voice-simulative outputs into Illinois. FAC ¶¶ 45(a46)–(a48); 47(a27)–(a30). In *Udio*, Illinois's interest was outweighed because Udio submitted evidence (*see* fn. 2) that the relevant conduct occurred in New York, the related New York case was further along, and the Southern District of New York was faster on both disposition and trial. Suno has not made a comparable showing here.

Both *Udio* and this Court's *Brownell* decision bypassed threshold jurisdictional questions because transfer was clear on the records before them. *Udio*, slip op. at 4; *Brownell v. Alcon Entertainment, LLC*, 2017 WL 11884028, at *2–3 (N.D. Ill. Dec. 19, 2017) (Wood, J.). This record is not clear in Suno's favor. At most, Suno has shown that Massachusetts is another convenient forum with related litigation. It has not shown that Massachusetts is clearly more convenient or that the interest of justice requires transfer. The Court should therefore deny Suno's transfer request for the reasons stated here and in Plaintiffs' Opposition.

Dated: August 21, 2026

LOEVY & LOEVY

/s/ Ross Kimbarovsky

Ross Kimbarovsky (6229590)
ross@loevy.com
Jon Loevy (6218524)
jon@loevy.com
Michael Kanovitz (6275233)
mike@loevy.com
Matthew Topic (6290923)
matt@loevy.com
Aaron Tucek (98624)
aaron@loevy.com
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312.243.5900 (phone)
312.243.5902 (fax)

*Attorneys for Plaintiffs David Woulard, Attack the Sound LLC, Stan Burjek, James Burjek, Berk Ergoz, Hamza Jilani, Maatkara Wilson, Arjun Singh, Magnus Fiennes, and Michael Mell.*